IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAUSAU UNDERWRITERS INSURANCE COMPANY, <br>     Plaintiff, <br> <br> v. <br> <br> PRONTO STAFFING SERVICES, INC. <br>     Defendant. <br> <br> and <br> <br> PRONTO STAFFING SERVICES, INC. <br>     Counter-Plaintiff, <br> <br> v. <br> <br> WAUSAU UNDERWRITERS INSURANCE COMPANY, <br>     Counter-Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 11 C 928 |

## MEMORANDUM AND ORDER

Defendant Pronto Staffing purchased workers' compensation insurance policies from plaintiff Wausau Underwriters Insurance Company. The policies at issue in this case had a retrospective premium endorsement that allowed Wausau to adjust the premium up or down based on Pronto's claim activity. Wausau adjusted the premiums up for three policies running from April of 2007 through April of 2010, and billed Pronto for $229,012.00. After Pronto refused to pay, Wausau filed suit. In response, Pronto filed affirmative defenses and a two-count counterclaim alleging that Wausau had breached the insurance contracts (Count I) and was liable for a breach of fiduciary duty based on its allegedly negligent adjustment of claims, which wrongfully caused Pronto's premiums to go up (Count II). Wausau's motion to dismiss the breach of fiduciary duty counterclaim and to strike the corresponding affirmative defense based

on an alleged breach of fiduciary duty [#9] is before the court. For the reasons set forth below, Wausau's motion is granted in its entirety.

## II. Background

The following facts are taken from Pronto's answer and counterclaim and are accepted as true for purposes of Wausau's motion to dismiss. Pronto supplies temporary workers to Chicagoland businesses and provides workers' compensation coverage for those workers. Pronto purchased three workers' compensation insurance policies covering April of 2007 through April of 2010. The premiums for these policies were not set at a predefined flat rate. Instead, the policies contained a retrospective premium endorsement that allowed Wausau to adjust the premium up or down at the end of the coverage period based on Pronto's claim activity.[1]

Wausau billed Pronto for upward premium adjustments on the three policies totaling $229,012.00. After Pronto refused to pay, Wausau filed suit. Pronto contends that Wausau failed to properly investigate and adjust a claim (referred to by the parties as the "O claim" without explanation), causing its premiums to unfairly go up. According to Pronto, Wausau bungled the handling of the O claim by failing to secure necessary medical records before calculating the claim reimbursement for a worker who reported a slip and fall injury but had been hospitalized for a skin infection. Pronto also asserts that Wausau refused to turn over all of its

---

[1] Specifically, the premium price adjusts based on the application of an experience modification factor. Insurers report claim activity to the National Council of Compensation Insurers, which calculates this factor based on an insured's losses and claim activity over the past three years. The average experience modification factor is 1.00. Thus, a factor above or below 1.00 signifies that the insured's loss and claim experience is higher or lower, respectively, than the average. *See* Pronto Counterclaim at ¶¶ 7-9.

claim files and thus prevented Pronto from determining if any of its other claims were mismanaged.

Along with its answer and affirmative defenses, Pronto filed a two-count counterclaim. Count I seeks damages for breach of contract and Count II alleges that Wausau breached a fiduciary duty by mishandling Pronto's claims. Wausau has filed a motion to dismiss Count II and strike Pronto's second affirmative defense.

## II. Discussion

### A. Count II – Breach of Fiduciary Duty

#### 1. Standard for a Motion to Dismiss

To survive a motion to dismiss, a complaint's request for relief must be "'plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A complaint meets this standard when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[N]aked assertions devoid of further factual enhancement" are insufficient. *Id*. at 1949 (internal quotation marks omitted). Thus, the Supreme Court recently clarified that determining if a complaint states a plausible claim is "a context-specific task that requires [the court] to draw on [its] judicial experience and common sense." *Id*. at 1950.

#### 2. Motion to Dismiss Count II

In Count II, Pronto asserts that Wausau is liable for "professional negligence" because Wausau breached its fiduciary duties to Pronto by allegedly botching the handling of the O claim. Wausau seeks to dismiss this count, arguing that it fails as a matter of law because it is based on an alleged breach of fiduciary duty, but under Illinois law, no such extracontractual duty exists.

Alternatively, Wausau contends that the economic loss doctrine, also known as the *Moorman* doctrine, prevents Pronto from recovering in tort for purely economic losses. *See Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill.2d 69 (Ill. 1982).

1. **Breach of Fiduciary Duty**

In Pronto's counterclaim, it alleges that Wausau owed it a fiduciary duty of care. Dkt. 7 (Pronto's Counterclaim) at ¶ 6 ("As a result of its role as the insurer for the retrospectively rated workers' compensation premiums, Wausau owed Pronto a fiduciary duty of care to insure that claims were properly investigated, only compensable claims were paid, and compensable claims were adjusted to minimize unnecessary cost and loss payments"). However, in Pronto's response to the motion to dismiss, it alleges that Wausau owed Pronto a fiduciary duty of good faith and fair dealing. Dkt. 18 at 3. A party may not amend its counterclaim via a response to a motion to dismiss. *See, e.g., Arcadia Group Brands Ltd. v. Studio Moderna SA*, No. 10 C 7790, 2011 WL 3584469, at *4 (N.D. Ill. Aug. 15, 2011). Nevertheless, in the interests of conserving the parties' and the court's resources, the court will consider Pronto's fiduciary duty argument as Pronto most recently framed it.

The duty of good faith and fair dealing flows from the contractual relationship between parties. *See Zurich Ins. Co. v. T.T.C. Inc.*, No. 92 C 6051, 1994 WL 66086, at *4 (N.D. Ill. Mar. 3, 1994). It thus does not arise from a fiduciary relationship. *Martin v. State Farm Mut. Auto. Ins. Co.*, 808 N.E.2d 47, 51 (1st Dist. 2004) ("it is well settled that no fiduciary relationship exists between an insurer and an insured as a matter of law"); *Int'l Surplus Lines Ins. Co. v. Fireman's Fund Ins. Co.*, No. 88 C 320, 1989 WL 165045, at *3 (N.D. Ill. Dec. 29, 1989) ("an implied duty of good faith and fair dealing has never been held to constitute a fiduciary duty").

Pronto nevertheless contends that the implied duty of good faith and fair dealing creates a fiduciary relationship between an insured and its insurer. In support, it directs the court's attention to *Nat'l Surety Corp. v. Fast Motor Service, Inc.*, 572 N.E.2d 1083, 1087 (1st Dist. 1991), and that court's statement that when retrospective premiums are at issue, "an insured should be able to state a viable cause of action for breach of an insurer's duty of good faith . . . notwithstanding the fact that the policy of insurance contains no express provisions imposing such a duty." *Id.* at 1086. According to Pronto, this means that the duty of good faith and fair dealing is a fiduciary duty in cases involving retrospective premiums.

This court disagrees with Pronto's interpretation of *National Surety*. The *National Surety* court did not state that the duty of good faith and fair dealing flows from a fiduciary relationship or exists in the absence of a contractual relationship between the parties. *See id*. Instead, that court held that the duty of good faith and fair dealing is implied when a policy contains a retrospective premium clause, just as it would be implied in a policy with flat rate premiums. *See id.; see also Zurich,* 1994 WL 66086, at *4 (the duty of good faith and fair dealing is an implied term of every insurance contract, including those containing a retrospective premium provision). Pronto's reliance on *National Surety* is, therefore, misplaced.

Approaching the fiduciary duty issue from another angle, Pronto notes that a fiduciary duty "may arise as the result of special circumstances of the parties' relationship, where one party places trust and confidence in another, thereby placing the latter party in a position of influence and superiority over the former." *Martin v. State Farm Mut. Auto. Ins. Co*., 808 N.E.2d at 51. According to Pronto, the retrospective premium provision placed all the power in Wausau's

hands and thus constitutes special circumstances that caused Wausau to have a fiduciary duty towards it.

Here, Pronto's factual allegations supporting its breach of fiduciary duty claim are identical to the facts supporting its breach of contract claim. "[P]arties to a contract are not each other's fiduciaries." *Original Great Am. Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 280 (7th Cir. 1992). This is true even when the contract at issue contains a retrospective premium policy endorsement. *See Zurich* 1994 WL 66086, at *4 (an insurer does not owe a fiduciary duty in a retrospective premium policy case); *Corrado Bros. v. Twin City Fire Ins. Co.*, 562 A.2d 1188, 1192 (Del. 1989) (same). Thus, the special circumstances exception does not help Pronto. Accordingly, to the extent that Pronto is attempting to state a claim for breach of fiduciary duty claim, it cannot do so.

### 2. The *Moorman* Doctrine

Count II of Pronto's counterclaim is entitled "professional negligence." Wausau claims that to the extent Pronto is attempting to recover in tort based on a negligence theory, as opposed to based on an alleged breach of fiduciary duty, the *Moorman* doctrine bars recovery. As noted above, the *Moorman* doctrine prohibits recovery in tort for purely economic losses, subject to certain limited exceptions. *See Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill.2d at 81 (defining the economic loss doctrine in the context of a products liability action); *see also Congregation of the Passion v. Touche & Ross Co.*, 159 Ill.2d 137, 159-60 (Ill. 1994).

The only exception that could save Pronto's negligence claim is that a plaintiff may recover if the tort committed by the defendant is based on an extracontractual duty. *See Congregation of the Passion*, 159 Ill.2d at 162. Pronto asserts that the duty of good faith and fair

dealing is extracontractual because it exists even if the parties' contract does not impose it. Pronto thus concludes that the *Moorman* doctrine is inapplicable.

Under Illinois law, "a duty of good faith and fair dealing is an implied term of every insurance contract." *Zurich Ins. Co. v. T.T.C., Inc.*, 1994 WL 66086, at *2; *National Sur. Corp. v. Fast Motor Serv., Inc.*, 213 Ill. App. 3d 500, 506 (1st Dist. 1991). A term that is added into a contract by implication even if the parties do not include it is not extracontractual because it is part of the contract. *See Finch v. Illinois Community College Bd.*, 315 Ill. App. 3d 831, 836 (5th Dist. 2000) ("existing laws and statutes become implied terms of a contract as a matter of law"); *Dobyns v. United States*, 91 Fed. Cl. 412, 431 (Fed. Cl. 2010) (implied covenant of good faith and fair dealing is part of a contract's terms); *Matter of New York Hotel and Motel Trades Council, AFL-CIO v. Hotel Ass'n of New York City, Inc.*, No. 93 CIV. 2708 (SS), 1993 WL 485560, at *6 (S.D.N.Y. Nov. 24, 1993) (implied duties are part of contract). Accordingly, the alleged breach of the duty of good faith and fair dealing is not based on an extracontractual duty. Thus, the economic loss doctrine bars Pronto's negligence claim.

### B. Pronto's Second Affirmative Defense

Pronto's second affirmative defense of professional negligence mirrors its professional negligence counterclaim. It thus suffers from the same flaws as the counterclaim and is, therefore, stricken.

## III. Conclusion

For the foregoing reasons, Wausau's motion to dismiss Count II of Pronto's counterclaim and strike Pronto's second affirmative defense [#9] is granted.


DATE: December 2, 2011                                   _____
                                                         Blanche M. Manning
                                                         United States District Judge